COBURN & *als. versus* PAINE.

Where notes were given in payment for logs, by the purchaser, and one of the payees gave a receipt for such notes "on account of logs sold by us," such receipt has no tendency to show, that the *maker of it* was the agent of his joint-owners, in the sale of the logs.

ON EXCEPTIONS from *Nisi Prius*, RICE, J. presiding.

ASSUMPSIT, on a promissory note, signed by the defendant, of this tenor : —

"Bath, August 1, 1844. For value received, I promise to pay Franklin Glazier, Abner Coburn and William M. Rogers, (the plaintiffs,) or their order one thousand dollars in fifteen months and grace."

The execution of the note was admitted, and the defence was alleged payment.

The defendant introduced a receipt signed by William M. Rogers, of the following tenor : —

"Bath, August 1, 1844. Received of Wm. Paine his notes for five thousand dollars of one thousand each, payable in three, six, nine, twelve and fifteen months, payable to Glazier, Coburn and myself, on account of logs sold him by us."

He also introduced a receipt of Jan. 28, 1845, of one Otis Kimball, for a note of $250 to be delivered said Rogers to be applied on one of his $1000 notes, and two other receipts of

said Rogers, dated October 7, 1846, and July 10, 1847, for $100 each, "on account of logs sold him."

He also produced an account current between said William M. Rogers and himself, rendered by Rogers, and a part of which was in his handwriting, running from May 3, 1844, to January 20, 1847, in which there appeared to be a balance due to the defendant. In this account, the payment of four several notes of $1000 each, is charged to defendant, and he is credited with the five notes of $1000 each of August 1, 1844.

The defendant showed by two witnesses, the mark of those logs purchased of the plaintiffs, that they were sawed by him, and that Rogers had charge of logs of a similar mark of those sold by plaintiffs.

The plaintiffs then put into the case, four notes signed by defendant, payable to them, of $1000 each, dated August 1, 1844, due in three, six, nine and twelve months and grace, from their date.

At the request of the defendant, the Judge instructed the jury : —

1. That they might consider the evidence of the receipt of Rogers for the notes, and from that consider whether there is evidence tending to show that Rogers acted as the agent of Coburn and Glazier in selling the logs, August 1, 1844.

2. That if he acted as their agent in the sale of logs, jointly owned by himself and the other plaintiffs, and notes were given by defendant, payable to the plaintiffs jointly, the adoption of the note and the commencement of a suit upon it, is proof of a ratification by Coburn and Glazier of the acts of Rogers.

3. That the same facts tend to prove an agency in Rogers in behalf of the other plaintiffs respecting the logs.

Other instructions were given, which it is unnecessary to specify, to show the ground on which the case was decided.

The jury returned a verdict for the defendant.

*Tallman,* for the plaintiffs:

The first instruction probably was understood by the jury

to justify them in concluding that the receipt authorized them to find that Rogers acted as agent of Coburn and Glazier in selling the logs to defendant. · That receipt was simply for notes payable to plaintiffs on *account* of logs sold defendant by plaintiffs; "sold him by us," is the language. How were the jury from this authorized to infer that Rogers sold the logs to the defendant, or that in such sale he acted as agent of plaintiffs? It is a declaration of Rogers that plaintiffs sold the logs to defendant. This instruction was not justified or authorized by the language of the receipt or the circumstances connected with it; neither could, by that receipt, the commencement of this suit by plaintiffs be considered by the jury proof of a ratification by Coburn and Glazier of the acts of Rogers, as the jury were instructed by the second instruction; for there was no act of his to ratify. Neither do those facts tend to prove an agency in Rogers in behalf of the other plaintiffs respecting the logs; the third instruction was therefore erroneous.

*Gilbert*, for defendant, maintained that the reception by Rogers and possession of the notes given by defendant for the logs, is proof of his agency. But the exceptions on this part of the case were immaterial, for it was not necessary to prove agency at all, for Rogers is one of the payees, and might as such receive the money for the notes.

HATHAWAY, J. — The *first* instruction requested and given was concerning the receipt of Rogers for the notes as tending to show, that he acted as agent of Coburn and Glazier in selling the logs. The *second* was concerning certain acts of the plaintiffs, Coburn and Glazier, as proof of their ratification of the acts of Rogers as their agent, *if he acted as such.* The *third* instruction was, "that the same facts" (the facts mentioned in the first and second instructions,) "tend to prove an agency in Rogers in behalf of the other plaintiffs respecting the logs."

But the receipt contains nothing which indicates such agency, and does not tend to show it. It was given " on account of

logs sold him by us." For aught that appears by the receipt, it is as probable that the sale was effected by them all together or by any other one of them, as by Rogers, and the jury were erroneously instructed that it tended to prove an agency, which it had no tendency to prove.

*Exceptions sustained, and new trial granted.*

SHEPLEY, C. J., concurred; HOWARD, J., concurred in the result.